**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jill T. Holder, ) | |
| ) | |
| Plaintiff, ) | No. CIV 05-3521-PHX-RCB |
| ) | |
| vs. ) | O R D E R |
| ) | |
| Michael J. Astrue,[1] ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

Currently pending before the court is a motion by plaintiff's attorney, Scott E. Davis, for his fees pursuant to 42 U.S.C. § 406(b) (doc. 45). The defendant SSA Commissioner, in his quasi-"trustee" role,[2] "inform[s] the Court of his analysis of this fee

---

[1] In accordance with Fed. R. Civ. P. 25(d), which allows for substitution when, among other reasons, "a public officer who is a party in an official capacity . . . ceases to hold office while the action is pending[,]" the court hereby substitutes Michael J. Astrue, who was confirmed as the Commissioner of the Social Security Administration ("SSA") on February 1, 2007, for Jo Anne B. Barnhart, the former Commissioner.

[2] See Gisbrecht v. Barnhart, 535 U.S. 789, 798 n. 6, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002) (noting that although "the [SSA] Commissioner . . . has no direct financial stake in the answer to the § 406(b) question[,] . . . []he plays a part in the fee determination resembling that of a trustee for the claimants[]").

request[,]" but beyond that expressly "takes no further action." See "Defendant's Statement to Plaintiff's Counsel's Motion[]" ("Def. Stmt.") (doc. 47) at 9:12-15.  As more fully explained below, because it appears that plaintiff Holder has not been served with this fee motion, and because the record does not include a copy of the contingency fee agreement, the court denies this motion without prejudice.

### ***Background***

There is no dispute that plaintiff's attorney successfully obtained $33,150.00 in past due benefits for plaintiff Holder.  See Memo. (doc. 46), exh. A thereto (doc. 46-2) at 1.  Likewise, there is no dispute that in the SSA's Notice of Award to plaintiff, it advised that her "lawyer *may* ask the court to approve a fee no larger than 25 percent of past due benefits."  Id., exh. A thereto (doc. 46-2) at 2 (emphasis added).  The SSA further informed plaintiff that for that reason, it was "withholding $13,602.85[]" from her past-due benefits.  Id.  Explaining that "the court sets the fee," the SSA also advised plaintiff that it would "let [her] and the lawyer know how much of th[at] money will be used to pay the fee."  Id.  Plaintiff will then be receiving the remainder.  See id.

The motion itself indicates that plaintiff's attorney is seeking the $13,602.85, which the SSA's Notice mentions.  See Mot. (doc. 45) at 1:16.  In his supporting memorandum, however, he requests only $9,302.85.  Memo. (doc. 46) at 1:20.  The lower requested amount is the difference between the withheld amount of $13,602.85, and the $4,300.00 in fees which this court previously approved under the Equal Access to Justice Act ("EAJA").  Memo.

-2-

(doc. 46) at 2:1-4.  Indeed, plaintiff's attorney stresses that he is petitioning the court "only for the amount remaining after the EAJA offset, and requests that any amounts remaining after payment of the section 406(b) attorney's fee be ***refunded directly to Plaintiff***."  Id. at 4:1-3 (emphasis in original).

### *Legal Framework*

In contrast to section 406(a) of the Social Security Act, which "governs [attorneys'] fees for representation in administrative proceedings[,]" section 406(b) of that Act "controls [such] fees for representation in court."  Gisbrecht, 535 U.S. at 794 (citing 20 C.F.R. § 404.1728(a)(2001)).  Under section 406(b), "[a]s part of its judgment, a court may allow 'a reasonable fee . . . not in excess of 25 percent of the . . . past-due benefits' awarded to the claimant."  Id. at 795 (quoting 42 U.S.C. § 406(b)(1)(A)).  That statute expressly provides that any fee award thereunder be payable "out of, and not in addition to, the amount of [the] past due benefits." 42 U.S.C. § 406(b)(1)(A).  In other words, a denial of benefits results in no fee award.  See id. at 795.  Similarly, "attorneys may not gain additional fees based on a claimant's continuing entitlement to benefits."  Gisbrecht, 535 U.S. at 795.  Not only that, "any endeavor by the claimant's attorney to gain more than that [statutory] fee, or to charge the claimant a noncontingent fee, is a criminal offense."  Id. at 806-07 (citing 42 U.S. § 406(b)(2); 20 C.F.R. § 404.1740(c)(2)(2001)).

Based upon this statutory framework, in resolving a "division among the Circuits on the appropriate method of calculating fees under § 406(b)[,]" the Supreme Court in Gisbrecht "conclude[d]"

that that statute "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." Id. at 807. "Rather," according to the Gisbrecht Court, "§ 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." Id. (footnote omitted). Observing that "Congress has provided one boundary line[]" for reviewing section 406(b) fee arrangements, the Gisbrecht Court reiterated that such arrangements "are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." Gisbrecht, 535 U.S. at 807 (citing § 406(b)(1)(A) (1994 ed., Supp. V)) (footnote omitted). At the same time, however, "[w]ithin th[at] 25 percent boundary, . . . , the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Id. (citation and footnote omitted).

"Section 406(b) . . . *requires* the court to determine whether a fee agreement has been executed between the plaintiff and [her] attorney[.]" Brandenburg v. Astrue, 2009 WL 1138088, at *2 (D.Or. April 15, 2009) (internal quotation marks omitted) (emphasis added) (citing, *inter alia*, Gisbrecht, 535 U.S. at 807). If so, the next step is to determine "whether such agreement is reasonable." Id. (citing, *inter alia*, Gisbrecht, 535 U.S. at 807). In performing that reasonableness assessment, the Gisbrecht Court identified a number of relevant factors: the attorney's risk of loss; "the character of the representation and the results . . . achieved[;]" delay by counsel; and the amount of the benefits "in comparison to the amount of time counsel spent on the case[.]" Gisbrecht, 535

-4-

U.S. at 808.  No one factor is dispositive.  Indeed, the Supreme Court in Gisbrecht seemed to give district courts a great deal of latitude, noting that those courts "are accustomed to making reasonableness determinations in a wide variety of contexts, and their assessments in such matters, in the event of an appeal, ordinarily qualify for highly respectful review."  Id. at 808.

### *Discussion*

Plaintiff's attorney recognizes that "[t]he starting point" under Gisbrecht "is the contingent-fee request in light of the contingent-fee agreement."  Memo. (doc. 46) at 5:14-15 (footnote omitted).  Consistent with that recognition, plaintiff's attorney states in his memorandum that "[p]laintiff contracted to pay 25% of past-due benefits on a contingent-fee basis."  Id. at 5:15-16.  Plaintiff then refers the court to the "contingent-fee agreement attached [t]hereto as Exhibit 'B'."  Id. at 5:16-17.  Inadvertently, however, that fee agreement was not attached as exhibit B – or at all, for that matter.

The Commissioner does not dispute the terms of that fee agreement, but he does accurately note that a copy of that agreement is not before the court.  Viewing provision of that agreement as "essential" to resolving the fee claim, the Commissioner believes that the court should require plaintiff's attorney to provide a copy of that agreement, before deciding this motion.  Def. Stmt. (doc. 47) at 2:6.

At the outset, the court stresses that it has no reason to doubt the veracity of plaintiff's attorney.  Indeed, because he signed the supporting memorandum of law, in accordance with Fed. R. Civ. P. 11(b)(3), the court assumes that there is evidentiary

-5-

support for his statement as to the existence of a contingency fee agreement and its terms.  Nonetheless, under the particular circumstances of this case, the court will require plaintiff's attorney to follow the court's preferred practice which, as he clearly intended, is to include the fee agreement as part of the record.  Without a copy of that fee agreement, the court cannot get beyond the threshold <u>Gisbrecht</u> inquiry, which is "to determine whether a fee agreement has been executed between the plaintiff and [her] attorney[.]" <u>See</u> <u>Brandenburg</u>, 2009 WL 1138088, at *2 (internal quotation marks and citations omitted).

What is of more concern to the court, however, is that it appears that plaintiff Holder was not served with a copy of this motion - a factor which the Commissioner also mentions.  The Certificate of Service only indicates electronic filing upon local and regional counsel for the SSA.  <u>See</u> Memo. (doc. 46) at 9.  Obviously, if plaintiff's attorney prevails on any aspect of this fee motion, it will directly impact plaintiff as those fees are payable directly from her past-due benefits.  The court realizes that in the Notice of Award which it issued to plaintiff, the SSA has previously advised her of the *possibility* of a fee award from her past-due benefits.  To the court's knowledge, however, plaintiff was not advised by the SSA or by plaintiff's attorney, that he is, in fact, requesting the court to approve a fee payment from her past-due benefits.

"There is no question but that, when making section 406(b) applications," as here, "attorneys are *required* to give notice to their clients as to the existence of such application." <u>See</u> <u>Taylor v. Heckler</u>, 608 F.Supp. 1255, 1260 (D.N.J. 1985) (citing, *inter*

-6-

*alia*, 20 C.F.R. § 404.1725(a)(7)) (emphasis added); see also Robinson v. Secretary of Health, Education and Welfare, 456 F.Supp. 876, 878 (E.D. Mich. 1978) ("Basic fairness requires that when an attorney claims to be entitled to money that would otherwise go to that attorney's client, the attorney should be required to notify the client of his claim."). The court agrees with the observations of the Robinson court that "[i]n the vast majority of cases there will undoubtedly be no disagreement between the client and the attorney." Robinson, 456 F.Supp. at 878. "But when there is, the court needs to know about the disagreement in order to be able to make an informed decision." Id.

In light of the foregoing, and because the court believes that it comports with fundamental notions of due process, before considering the merits, the court will require plaintiff's attorney to serve plaintiff Jill T. Holder with a renewed motion for attorney's fees, a supporting memorandum of law, and all necessary supporting documentation, including a copy of the contingent fee agreement. Upon renewal, proof of such service shall be provided to the court and to opposing counsel. Plainly any renewed motion also must be filed and served in accordance with the applicable rules.

For the reasons set forth above, IT IS ORDERED that:

"Plaintiff's Attorney's Motion for Award of Attorney's Fees Under 42 U.S.C. § 406(b)" (doc. 45) is DENIED without prejudice to . . .

1 | renew upon compliance with the notice, service and filing
2 | requirements set forth herein.
3 |     DATED this 6th day of May, 2009.

                                        /s/ Robert C. Broomfield
                                        Robert C. Broomfield
                                        Senior United States District Judge

11 | Copies to counsel of record

- 8 -